Jack Garyth Poulson, Esq.
Attorney for Plaintiff
POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529
jack@poulsonwoolford.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA
### AT ANCHORAGE

| | |
|---|---|
| JAY GORDON KAINO, | Case No. 3:20-CV-        (     ) |
| Plaintiff, | AT LAW AND AT ADMIRALTY |
| v. | |
| SEA-SHORE ENTERPRISES, LLC, and MARGARET JENSEN, *in personam*, and the F/V MEGALODON, Official Number 554728, her engines, machinery, gear, cargo, fishing rights and appurtenances *in rem*, | SEAMAN'S COMPLAINT WITHOUT PREPAYMENT OF COSTS, 28 U.S.C. §1916 |
| Defendants. | JURY TRIAL REQUESTED |

Plaintiff Jay Kaino, through counsel Poulson & Woolford, alleges against the above-named defendant as follows:

**PRELIMINARY ALLEGATIONS**
(Parties, Jurisdiction and Venue)

1. At the time of the events leading to this action, JAY KAINO, the plaintiff, was employed by defendants MARGARET JENSEN, and SEA-SHORE ENTERPRISES, LLC, as a crewmember on the F/V MEGALODON, operating in and near Seward and Cordova, Alaska. All material events occurred within navigable waters in this Federal Judicial District.

2. Plaintiff seeks relief under statutory and general maritime laws of the United States of America. He brings this claim for personal injuries to a seaman without prepayment of costs pursuant to 28 U.S.C. 1916.

*COMPLAINT*
*Kaino v. F/V MEGALODON*
*Page 1 of 9*

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

3. Plaintiff Jay Kaino is a resident of the State of Washington.

4. Defendant MARGARET JENSEN, at the time of the events surrounding this action, was a resident of Alaska, and was conducting business in the State of Alaska.

5. At the time of the events leading to this action, SEA-SHORE ENTERPRISES, LLC, was an Alaska business entity conducting business in Alaska.

6. Defendant vessel F/V MEGALODON is a tender engaged in the Alaska fisheries trade, and presently is, or during the pendency of this action will be, within the Federal Judicial District in which this action has been commenced.

7. At the time of the events leading to this action, SEA-SHORE ENTERPRISES, LLC, owned the F/V MEGALODON.

8. This is a seaman's personal injury and breach of contract claim. This Court has subject matter jurisdiction pursuant to the Jones Act, 46 U.S.C. 30104, and general maritime law.

9. Venue is proper in this Court, which is an eligible forum within the meaning of 45 U.S.C. 56, in that defendants are doing business in Alaska, and a substantial portion of the alleged actions and omissions occurred in Alaska.

10. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction in admiralty pursuant to 28 U.S.C. 1333.

### OPERATIVE FACTS
(Injury and Treatment)

11. Plaintiff incorporates all of his foregoing allegations by reference.

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

12. Plaintiff was employed as a member of the crew of the F/V MEGALODON, which was owned and/or operated and managed by SEA-SHORE ENTERPRISES, LLC and MARGARET JENSEN in the Alaskan fisheries trade.

13. On or about July 13, 2019, plaintiff entered into a contract with MARGARET JENSEN and SEA-SHORE ENTERPRISES, LLC to serve on the MEGALODON for the 2019 Prince William Sound salmon season.

14. Following the July 13, 2019 agreement, other agreements were made between plaintiff and MARGARET JENSEN and SEA-SHORE ENTERPRISES, LLC.

15. During the 2019 season, plaintiff fulfilled his obligation under the contract as agreed.

16. MARGARET JENSEN and SEA-SHORE ENTERPRISES, LLC breached the contract and their agreed upon promises by failing to pay plaintiff his agreed upon wages.

17. MARGARET JENSEN and SEA-SHORE ENTERPRISES, LLC breached the contract and their agreed upon promises by failing to pay plaintiff reimbursement for expenditures he was required to make to fulfill his duties.

18. Plaintiff requested payment of full wages and reimbursement due. MARGARET JENSEN and SEA-SHORE ENTERPRISES, LLC have refused and failed to make payment of full wages and reimbursement.

19. Between July 12, 2019 and August 17, 2019, while in the course and scope of employment, plaintiff was directly exposed to excessive noise caused by defective machinery.

20. Plaintiff reported the dangerously loud circulating pump to his supervisor and employer and requested permission to repair the defective bearing causing the noise. His request was denied.

21. Despite using hearing protection, plaintiff was repeatedly exposed to excessive noise that caused tinnitus, a severe persistent ringing in both ears, and he suffered other auditory damage

22. As a consequence of his shipboard injury plaintiff sought medical treatment that remains ongoing.

## FIRST CAUSE OF ACTION
(Unseaworthiness)

23. Plaintiff incorporates all of his foregoing allegations by reference.

24. This action arises under the general maritime law of the United States.

25. By operation of law, defendant vessel's owner and/or operator, SEA-SHORE ENTERPRISES, LLC, warranted to Plaintiff that the vessel MEGALODON, and all of its appurtenances, crew, procedures and gear, were reasonably fit for their intended service in the trade in which it was engaged.

26. SEA-SHORE ENTERPRISES, LLC breached said warranty, in that the vessel, its appurtenances, crew, procedure, and/or gear were not reasonably fit.

27. As a result of SEA-SHORE ENTERPRISES, LLC's breach, plaintiff has lost earnings and earning capacity in an amount to be determined at the time of trial.

28. As a result of SEA-SHORE ENTERPRISES, LLC's breach, plaintiff has incurred medical expenses, past and future, in an amount to be determined at the time of trial.

29. As a further result of SEA-SHORE ENTERPRISES, LLC's breach, Plaintiff has endured and will continue to endure physical and emotional pain and suffering and loss of enjoyment of life, in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION
(Jones Act Negligence)

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

30. Plaintiff incorporates all of the foregoing allegations by reference.

31. This action arises under the Merchant Marine Act of 1920, commonly known as the Jones Act.

32. Defendants were negligent by, among other things, causing, allowing, and permitting the MEGALODON and her appurtenances to be operated in such a manner as to unreasonably endanger plaintiff's safety; failing to provide a seaworthy vessel and a safe method of operation; failing to provide plaintiff with a safe place in which to work; failing to promulgate and enforce proper and safe procedural rules; failing to provide sufficient and competent crew; failing to supply proper gear and equipment, and to inspect and maintain the same in proper order.

33. Defendants were negligent by, among other things, failing to repair the defective circulating pump on the MEGALODON, refusing to allow plaintiff to repair the defective pump, and requiring plaintiff to work in close proximity to the dangerously loud pump.

34. Defendants' negligence contributed in some manner to cause plaintiff's injuries and the damages he sustained as stated herein.

35. As a result of defendants' breach, plaintiff sustained serious and permanent physical injury. Damages include but are not limited to: past and future medical and related expenses, past and future pain and suffering, past and future loss of enjoyment of life, past and future mental and emotional distress, loss of past and future income, and diminished earning capacity, for which he is entitled to compensation.

### THIRD CAUSE OF ACTION
(Maintenance and Cure)

36. Plaintiff incorporates all of the foregoing allegations by reference.

37. This action arises under the general maritime law of the United States.

38. As a result of his shipboard injury, plaintiff has incurred and will continue to incur medical expenses in an amount to be determined at the time of trial.

39. As a result of the shipboard injury, plaintiff has been disabled from resuming his employment, and has incurred food and lodging expenses, in an amount to be determined at the time of trial.

40. Defendants, either directly or through their agents, unreasonably denied and willfully withheld payment of maintenance and cure that plaintiff is entitled to receive under maritime law.

41. As a consequence of Defendants' unreasonable actions, Plaintiff's suffering and damages resulting from the injury have been aggravated, increased and prolonged and he is entitled to attorney fees and punitive damages.

## FOURTH CAUSE OF ACTION
(Breach of Contract and Unpaid Wages)

42. Plaintiff realleges and incorporates the above allegations.

43. On or about July 13, 2019, plaintiff entered into a contract with MARGARET JENSEN and SEA-SHORE ENTERPRISES, LLC to serve on the MEGALODON for the 2019 Prince William Sound salmon season.

44. Following the July 13, 2019 agreement, other agreements were made between plaintiff and MARGARET JENSEN and SEA-SHORE ENTERPRISES, LLC.

45. During the 2019 season, plaintiff fulfilled his obligation under the contract as agreed.

46. Plaintiff requested payment of full wages and reimbursement due. MARGARET JENSEN and SEA-SHORE ENTERPRISES, LLC have refused and failed to make payment of full wages and reimbursement.

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

47. MARGARET JENSEN and SEA-SHORE ENTERPRISES, LLC breached the contract and their agreed upon promises by failing to pay plaintiff his agreed upon wages.

48. MARGARET JENSEN and SEA-SHORE ENTERPRISES, LLC breached the contract and their agreed upon promises by failing to pay plaintiff reimbursement for expenditures he was required to make to fulfill his duties.

49. The contract, agreement and promises made by defendants induced plaintiff to forego other lucrative opportunities.

50. Defendants knew, or reasonably should have expected that plaintiff would rely on their contract, agreement and promises, and thereby elect not to accept other employment opportunities.

51. Plaintiff in fact relied upon defendants' contract, agreement and promises, and thereby elected not to accept other employment opportunities.

52. As a direct and proximate foreseeable result of the breach of contract by defendants, plaintiff suffered economic damage.

53. As a further result of the negligence and breach of contract by defendants, plaintiff suffered consequential damage and lost opportunity.

54. The conduct of defendants, and the circumstances of the breach of the contract, agreement and promises, constitutes a breach of the duty of good faith and fair dealing implicit in all contracts in Alaska.

55. Defendants' breach of the duty of good faith and fair dealing has caused financial damage to plaintiff, the exact amount to be proved at trial.

56. Defendants' breach of the duty of good faith and fair dealing entitles plaintiff to an award of punitive damages.

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

57. Defendants' failure to timely pay plaintiff his earned wages constitutes willful withholding of wages as prohibited by Alaska Statute.

58. Defendants' violation of Alaska law entitles plaintiff to a statutory award of penalties.

### FIFTH CAUSE OF ACTION
(Maritime Lien)

59. Plaintiff incorporates all of his foregoing allegations by reference.

60. The foregoing allegations create *bona fide* maritime liens against the **F/V MEGALODON**.

61. Plaintiff is entitled to perfect said liens in this proceeding by having the vessel arrested pursuant to the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims.

WHEREFORE, plaintiff requests judgment against the vessel, awarding him the following relief:

1. That a warrant of arrest issue against the **MEGALODON**, her engines, tackle, winches, gear, fishing rights and appurtenances, and that all persons claiming any right, title, or interest therein be cited to appear and answer all the matters aforesaid;

2. That the Court enter judgment for plaintiff in accordance with the amounts to be proven, together with interest, costs and attorney fees;

3. That the **MEGALODON**, her engines, tackle, winches, gear, fishing rights and appurtenances, be condemned and sold to pay the same;

4. That judgment be entered against the defendants for general, special and punitive damages, as well as maintenance, cure, wages and found, in excess of the jurisdictional limits of this Court, plus interest, costs and fees as allowed by law, the exact amount to be proven at trial, and as the Court may deem just and proper.

*COMPLAINT*
*Kaino v. F/V MEGALODON*
*Page 8 of 9*

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

DATED this 31st day of July, 2020 at Juneau, Alaska.

POULSON & WOOLFORD
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529
jack@poulsonwoolford.com

By: /s/ *Jack Poulson*
Jack Garyth Poulson
Alaska Bar No. 8711104
Attorney for Plaintiff

VERIFICATION

Jay Kaino, plaintiff herein, hereby declares under penalty of perjury, that he has read the foregoing Complaint and the factual allegations therein are true and correct to the best of his knowledge and belief.

Dated: 7-31-20

Jay Kaino

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

*COMPLAINT*
*Kaino v. F/V MEGALODON*
Page 9 of 9

Case 3:20-cv-00186-TMB   Document 1   Filed 07/31/20   Page 9 of 9